**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HERBERT MEDLOCK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **JOE COTTON FORD, INC., an Illinois Corporation,** | ) |
| | ) |
| **Defendant.** | ) |

### COMPLAINT

NOW COME the Plaintiff, Herbert Medlock, by and through his attorney, Sigi M. Offenbach of Pitler and Mandell, for his complaint against Joe Cotton Ford, Inc. ("Defendant") states as follows:

### NATURE OF ACTION

1. This action arises under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA") and the Illinois Human Rights Act, 775 ILCS 5/1-101, 1-103(A), *et seq.* ("ILHRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. §626 (C) and has jurisdiction over the Plaintiffs' state law claims based on supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district as the parties and the events giving rise to these causes of action occurred in this district.

## PARTIES

4. The Plaintiff, Herbert Medlock, is an adult resident of Cook County and the State of Illinois and was born in 1949.

5. The Defendant, Joe Cotton Ford, Inc, is an Illinois corporation with its principal place of business located in DuPage County, State of Illinois and is in the business of selling and servicing new and used vehicles and has, on information and belief, over fifty employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about February 24, 2021, the Plaintiff filed his Charge of Discrimination with the U.S.E.E.O.C. and requested it to be filed also with the Illinois Department of Human Rights.

7. On or about December 7, 2021, the Plaintiff received his Right to Sue letter, copy of which is attached hereto and marked as Exhibit "A".

## COUNT I – VIOLATION OF THE ADEA

8. The Plaintiff realleges and restates paragraphs 1 through 7 above as though fully set forth herein.

9. The Plaintiff started work at the Defendant in December of 2019.

10. His position was that of service dispatcher and service advisor.

11. During his employment at the Defendant, he performed work in a satisfactory manner.

12. The Plaintiff never received any written or oral criticisms, warnings or disciplines as a result of his work performance.

13. On or about December 8, 2020, without any justification or reasoning, the Defendant terminated his employment.

14. The Defendant filled his position with a person over thirty years younger than the Plaintiff.

15. As a result of the Defendant's actions in violation of the ADEA, the Plaintiff has lost wages and benefits and has suffered emotional distress.

WHEREFORE, the Plaintiff, Herbert Medlock, requests judgment against the Defendant, Joe Cotton Ford, Inc., as follows:

a. A judgment for all back pay, vacation pay, lost benefits and reinstatement.

b. A judgment all front pay in the future.

c. Punitive damages as determined under the ADEA.

d. Reasonable attorney's fees and costs incurred in filing the instant action.

e. Such other and further relief that this Court deems just and equitable.

## COUNT II - VIOLATION OF THE ILHRA

16. The Plaintiff realleges and restates paragraphs 1 through 15 above as though fully set forth herein.

17. The above violations of the ADEA are likewise violations of the ILHRA.

18. The termination of the Plaintiff's employment at the Defendant was in direct violation of the ILHRA.

19. As a result, the Plaintiff has lost pay, benefits and has had emotional distress.

WHEREFORE, the Plaintiff, Herbert Medlock, requests judgment against the Defendant, Joe Cotton Ford, Inc., as follows:

a. Judgment in the amount of back wages, vacation pay, lost benefits and reinstatement.

b. Punitive damages for the willful violation of the IDHRA.

c. Reasonable attorney's fees and costs as specified in the Wage Payment Act.

d. Such other relief that this Court deems just and equitable.

Submitted by:

**HERBERT MEDLOCK**

By: _____
One of his Attorneys

Sigi M. Offenbach
Pitler and Mandell
3025 Lexington Lane
Highland Park, Illinois 60035
312/782-9466
sigi@pitlerandmandell.com

EEOC Form 161-B (11/2020)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Herbert Medlock**<br>c/o Sigi offenbach, Esq.<br>Pitler & Mandell<br>3025 Lexington Lane<br>Highland Park, IL 60035 | From: | **Chicago District Office**<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-02550 | **Gregory T. Mucha, Investigator** | (312) 872-9686 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/np*     12/7/2021

Enclosures(s)         **Julianne Bowman,**         *(Date Issued)*
              **District Director**

cc: **JOE COTTON FORD**
c/o Caroline K. Vickrey, Esq.
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, IL 60603

